UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEITH DAVID HOUSTON,

Petitioner,

v.

TIM GARRETT,

Respondent.

Case No. 3:21-cv-00107-MMD-WGC

ORDER

This is a habeas corpus matter under 28 U.S.C. § 2254. Before the Court are Petitioner Keith Houston's application to proceed *in forma pauperis*, petition for a writ of habeas corpus, and motion for appointment of counsel. (ECF Nos. 1, 1-1, 1-2.) The Court finds that Houston is unable to pay the filing fee. The Court has reviewed Houston's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the Court dismisses the action. Accordingly, the Court denies Houston's motion for appointment of counsel.

On February 14, 1983, pursuant to a guilty plea, the First Judicial District Court of the State of Nevada convicted Houston of one count of first-degree murder and one count of sexual assault causing substantial bodily harm. (ECF No. 1-1 at 304.)

Of the habeas corpus petitions that Houston filed in this Court, *Houston v. Farwell*, Case No. 3:03-cv-00042-LRH-RAM, is pertinent. The Court denied on the merits Houston's claim that he had a constitutionally protected liberty interest in clemency and parole. Both this Court and the Ninth Circuit denied a certificate of appealability.

Houston incorrectly states that the controlling statute for this habeas corpus action is 28 U.S.C. § 2241(c)(3) because he has not yet been brought to trial on the charges. However, the state district court entered a judgment of conviction against Houston, and he is in custody pursuant to that judgment of conviction. The controlling statute is 28

U.S.C. § 2254. Houston might claim that the judgment of conviction is invalid, but that claim is subject to the restrictions of § 2254.

The earlier federal habeas corpus petition, *Houston v. Farwell*, makes the current petition a second or successive petition. *See* 28 U.S.C. § 2244(b). Houston must first obtain authorization from the Ninth Circuit before filing a second or successive petition in this Court. *See* 28 U.S.C. § 2244(b)(3).

Houston has not obtained that authorization. He has not attached any such order from the Ninth Circuit. The Court has searched the online records of the Ninth Circuit and has found no application for authorization. The Court thus lacks jurisdiction to consider Houston's claims and will dismiss this action.

Reasonable jurists would not find the Court's conclusion to be debatable or wrong. The Court will not issue a certificate of appealability. As noted above, Houston submitted a motion for appointment of counsel with his petition. The Court denies the motion because the Court will dismiss this action.

It is therefore ordered that Houston's application to proceed *in forma pauperis* (ECF No. 1) is granted. Houston need not pay the filing fee of $5.00.

The Clerk of Court is directed to file Houston's petition for a writ of habeas corpus (ECF No. 1-1) pursuant to 28 U.S.C. § 2254 and his motion for appointment of counsel (ECF No. 1-2).

It is further ordered that Houston's motion for appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that this action is dismissed as an unauthorized second or successive habeas corpus petition.

It is further ordered that a certificate of appealability will not issue.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED THIS 11th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

2